IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-84-BR
No. 7:19-CV-35-BR

| | | |
|---|---|---|
| DARIUS J. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's amended 28 U.S.C. § 2255 motion, (DE # 76), and petitioner's motion to appoint counsel, (DE # 55). Petitioner received notice of the motion to dismiss, (DE # 78), but he did not file a response, and the time to do so has expired.

In 2017, pursuant to a plea agreement, petitioner pled guilty to a criminal information charging him with (1) conspiracy to distribute and possess with intent to distribute unspecified quantities of heroin, cocaine base, and marijuana and (2) possession of a firearm by a felon. The court sentenced petitioner to a total term of 225 months imprisonment. Petitioner did not appeal.

He timely filed a § 2255 motion, (DE # 49), which he later amended with leave of court, (DE # 68). In response to the amended motion, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only

that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules). The court considers petitioner's claims in turn.

Petitioner's first claim alleges ineffective assistance of trial counsel. (Mot., DE # 68, at 4.) Specifically, he contends counsel failed to explain to him the difference between a criminal information and an indictment and what rights he was giving up by pleading guilty to a criminal information. (Id.; Mem., DE # 68-1, at 2.) He also alleges counsel threatened and coerced him into pleading guilty such that he was under duress and counsel forced him to lie at his plea hearing. (Mot., DE # 68, at 4; Mem., DE # 68-1, at 3-4.) Additionally, he alleges counsel did not allow him to review "full discovery." (Mem., DE # 68-1, at 5.)

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Higgs*, 663 F.3d 726, 739 (4th Cir.2011).
>
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

2

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015). "[W]here a conviction is based upon a guilty plea . . . , a person must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (citation omitted). The government contends that petitioner cannot satisfy either prong, and therefore, his first claim should be dismissed.

Resolution of petitioner's ineffective assistance of counsel claim primarily depends on what the court explained to him at his plea hearing and his testimony at that hearing. At the beginning of his plea hearing, the court informed petitioner of the difference between an indictment and a criminal information, the grand jury process, and the rights he was giving up by waiving indictment and pleading guilty. (9/27/17 Tr., DE # 79, at 2-6.) Prior to the court's accepting petitioner's waiver of indictment and guilty plea, petitioner was sworn. (Id. at 10). In response to the court's questions, petitioner testified that he had been provided a copy of the criminal information and that he had time to read it and review it with his lawyer. (Id. at 11.) Petitioner acknowledged that he had a right to be indicted and affirmed it was his desire to waive that right. (Id. at 12.) The court specifically questioned petitioner about whether anyone had threatened him, or promised him anything, to get him to waive that right, which petitioner denied. (Id. at 12-13.) The court read the Waiver of Indictment form aloud and asked petitioner whether he had just signed the form in the courtroom, to which petitioner responded affirmatively. (Id. at 13-14.)

Prior to the court's accepting petitioner's guilty plea, and in response to the court's questions, petitioner testified that he had plenty of time to discuss his case with his lawyer and he was satisfied with her services. (Id. at 14.) He stated that he heard the court's explanation of his constitutional rights and understood what the court had said. (Id. at 15.) He declined the

3

opportunity to ask the court any questions and confirmed—knowing the rights he must waive or give up—that he was absolutely sure he wanted to plead guilty. (Id.) The court specifically questioned petitioner about whether anyone had threatened or forced him to enter his plea, which petitioner denied. (Id. at 16.) Petitioner acknowledged that before signing the plea agreement, he read it and reviewed it with his lawyer. (Id. at 16-17.) The court summarized the terms of the plea agreement, and petitioner agreed that the court's summarization was fair and accurate. (Id. at 17-21.) Petitioner denied anyone had told him anything to get him to sign the plea agreement other than what appeared on the document itself. (Id. at 21.) Finally, petitioner testified he had "answered all [the court's] questions truthfully." (Id.)

Assuming counsel acted deficiently in failing to inform petitioner of the differences between a criminal information and an indictment and what rights petitioner was giving up by pleading guilty to a criminal information, the court adequately explained such information to petitioner, and petitioner understood the court's explanation. As a result, he suffered no prejudice. See United States v. Akande, 956 F.3d 257, 259 (4th Cir. 2020) ("Circuit precedent holds that a defendant cannot prevail on a claim of ineffective assistance of counsel that arises from counsel's misadvice if, before accepting the plea, 'the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment.'" (citation omitted)).

Additionally, petitioner is bound by his sworn statements at his plea hearing, and the court will not credit his statements to the contrary in his § 2255 filings. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any §

4

2255 motion that necessarily relies on allegations that contradict the sworn statements."). Accordingly, petitioner's claim that counsel was ineffective by threatening and coercing him and forcing him to lie is meritless.

As for petitioner's final contention that counsel was ineffective, he alleges counsel did not allow him to review all discovery. Specifically, petitioner claims counsel only showed him still photos from surveillance, and she did not allow him to listen to the audio portion of a video, saying he should trust her word that the voice on the audio was his. (Mem., DE # 68-1, at 5.) Petitioner does not allege how listening to the audio or reviewing additional discovery would have altered his decision to plead guilty. Therefore, petitioner cannot show prejudice, and his ineffective assistance of counsel claim fails. See Johnson v. United States, No. CR TDC-16-0030, 2019 WL 266210, at *5 (D. Md. Jan. 18, 2019) (finding no ineffective assistance of counsel where "though [defendant] asserts that Counsel did not review all discovery with him, he does not specify how the lack of a more lengthy or robust review of discovery with Counsel caused prejudice, in that it would have motivated him to go to trial instead of entering a guilty plea").

In his second claim, petitioner alleges his judgment of conviction is void because this court lacked jurisdiction over the criminal offenses. (Mot., DE # 68, at 5; see also Mem., DE # 68-1, at 6-8.) The court agrees with the government that this claim lacks merit. The crimes to which petitioner pled guilty are federal offenses, and this court possesses subject matter jurisdiction over federal criminal prosecutions. See United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) ("Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231."). It is inconsequential to this court's jurisdiction and to the validity of petitioner's convictions that the offenses

5

occurred within the geographical area of the State of North Carolina and North Carolina has its own laws regarding drug offenses. See Gamble v. United States, 139 S. Ct. 1960, 1964 (2019) ("Under th[e] 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen[.]"). Accordingly, petitioner's second claim will be dismissed.

Finally, petitioner claims his sentence is illegal because his sentencing guideline range should have been lower. (Mot., DE # 68, at 6.) Specifically, he alleges the application of the career offender sentencing guideline, U.S.S.G. § 4B1.1, and the statutory "enhancement scheme" under 21 U.S.C. § 851 violate his Fifth Amendment right to due process and his Sixth Amendment right to be informed of the nature and cause of an accusation.[1] (Mem., DE # 68-1, at 9.)

Because the sentencing guidelines are advisory, petitioner's challenges to the application of the career offender enhancement fail. See Beckles v. United States, 137 S. Ct. 886, 894 (2017) ("As to notice, even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range. That is because even if a person behaves so as to avoid an enhanced sentence under the career-offender

---

[1] Petitioner claims these sentencing enhancements "also violate[] article 6: prohibition clause of the constitution of the U.S." and then proceeds to refer to the separation of powers doctrine. (DE # 68-1, at 9.) Article VI of the Constitution is not relevant. See Bey v. Terminix Int'l, L.P., No. 217CV02597SHLCGC, 2018 WL 3552348, at *3 (W.D. Tenn. July 24, 2018) ("Article VI of the United States Constitution contains three clauses. . . . The first clause pertains to Debts Validated . . . . The second clause pertains to the Supreme Law of the Land and . . . . The third clause pertains to oaths of office and states . . . ." (citations omitted)), report and recommendation adopted, 2018 WL 4407254 (W.D. Tenn. Sept. 17, 2018). To the extent petitioner claims the career offender guideline, promulgated by the United States Sentencing Commission, violates the separation of powers doctrine, such a claim is meritless. See Mistretta v. United States, 488 U.S. 361, 412 (1989) (holding that Congress' delegation to the Sentencing Commission the task of formulating sentencing guidelines does not violate the separation of powers among the branches of government). As for § 851, of course, Congress itself enacted that statute, and therefore, the separation of powers doctrine is not implicated. Id. at 371-72 ("The Constitution provides that '[a]ll legislative Powers herein granted shall be vested in a Congress of the United States,' U.S. Const., Art. I, § 1, and we long have insisted that 'the integrity and maintenance of the system of government ordained by the Constitution' mandate that Congress generally cannot delegate its legislative power to another Branch." (citation omitted)).

guideline, the sentencing court retains discretion to impose the enhanced sentence. . . . The due process concerns that require notice in a world of mandatory Guidelines no longer apply." (citations, internal quotation marks, and original alterations omitted)). Insofar as petitioner challenges the enhancement of his sentence based on § 851 and a prior felony drug offense,[2] the court recognizes that prior to petitioner's guilty plea, the government notified petitioner of its intent to seek an enhanced penalty based on his 2008 felony drug offense, (DE # 23), as § 851 requires. See 21 U.S.C. § 851(a) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."). The criminal information to which petitioner pled guilty also contained an allegation of prior felony drug offense convictions. (DE # 31, at 3.) Furthermore, prior to accepting petitioner's guilty plea, the court informed petition that he faced an enhanced sentence on the drug conspiracy offense of up to 30 years imprisonment. (See 9/27/17 Tr., DE # 79, at 17-18.) Based on foregoing, petitioner's rights under the Fifth and Sixth Amendment were not violated, and his final claim fails.

Because petitioner cannot show he is entitled to relief on any of his claims, the government's motion to dismiss is ALLOWED, and the amended § 2255 motion is DISMISSED. Petitioner's motion to appoint counsel is DENIED as moot. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[2] Pursuant to 21 U.S.C. § 841(b)(1)(C), petitioner was subject to a maximum term of imprisonment of 20 years. However, because he committed the drug conspiracy offense after a prior conviction for a felony drug offense had become final, he was potentially subject to an additional 10 years imprisonment. See 21 U.S.C. § 841(b)(1)(C). Ultimately, the court determined petitioner's imprisonment sentencing guideline range was 188 to 235 months, (Statement of Reasons, DE # 44, at 1), and the court sentenced petitioner to 220 months imprisonment. Because the court imposed a sentence of imprisonment of less than 20 years, petitioner's sentence was not in fact enhanced based on his prior felony drug offense. Nonetheless, the court considers petitioner's claim as framed.

§ 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 12 May 2020.

　　　　　　　　　　　　　　　　　　　*/s/ W. Earl Britt*
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge