IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-84-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARIUS J. WILLIAMS | ) | |

This matter is before the court on defendant's motion for compassionate release. (DE # 83-1.)

In 2017, defendant pled guilty to conspiracy to distribute and possess with intent to distribute heroin, cocaine base, and marijuana and possession of a firearm by a felon. The court sentenced him to 225 months imprisonment on the drug offense and 120 months on the firearm offense, to run concurrently.

In June 2020, defendant filed *pro se* the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a memorandum in support of defendant's motion with supporting documents, (DE # 85), to which the government filed a response in opposition, (DE # 87), along with copies of some of defendant's medical records from the Bureau of Prisons ("BOP"), (DE # 88). Defendant filed a reply. (DE # 91.)

Defendant requests that the court reduce his sentence to time served or a lower term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act").[1,2] (Mem., DE # 85, at 1.) That statute provides in relevant part:

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

[2] Defendant requests *pro se* that the court grant him "compassionate release[ or] a sentence reduction, or order that he serve the remainder of his term of imprisonment in home confinement." (Mot., DE # 83-1, at 1.) To the extent

> The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[3] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing

---

defendant seeks an order directing his placement on home confinement, the court agrees with the government that the court lacks the authority to do so. See United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) ("The [Coronavirus Aid, Relief, and Economic Security] Act authorizes the BOP— not courts—to expand the use of home confinement" under 18 U.S.C. § 3624(c)(2).) (collecting cases).

[3] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions for compassionate release filed by the BOP. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

> (A)   Medical Condition of the Defendant.—
>     (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     (ii)   The defendant is—
>         (I)   suffering from a serious physical or medical condition,
>         (II)   suffering from a serious functional or cognitive impairment, or
>         (III)   experiencing deteriorating physical or mental health because of the aging process,
>     that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C)   Family Circumstances.
>     (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>     (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D)   Other Reasons.—As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes that defendant filed with his motion a copy of the Warden's 10 April 2020 denial of his 9 April 2020 request for compassionate release based on medical circumstances in conjunction with COVID-19. (Mot., Ex. A, DE # 83-2.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motion.

Defendant contends that his sentence should be reduced because he suffers from obesity, hypertension, prediabetes, and reduced lung function, which "make him particularly vulnerable for severe complications due to COVID-19." (Mem., DE # 85, at 4.) The government concedes obesity combined with hypertension put defendant at a higher risk of severe illness should he contract COVID-19, and therefore, it recognizes defendant has shown extraordinary and compelling reasons justifying a sentence reduction. (See Resp., DE # 87, at 14-15.) However, it argues defendant's motion should be denied because the § 3553(a) factors weigh against any reduction. (Id. at 16-17.)

Given the government's concession regarding the existence of extraordinary and compelling reasons, the court considers the relevant § 3553(a) factors. Defendant is 41 years old. He has been incarcerated approximately three years. During that time, he has completed a drug education class and other educational courses, worked as an orderly, and satisfied his

4

financial obligation.  (Mot., DE # 83-1, at 11; Mem., Ex. 1, DE # 85-1.)  For more than one year, he has maintained his sobriety and remained free of infractions.  (Mot., DE # 83-1, at 11.)

Prior to his commission of the instant offenses, defendant had been convicted of 12 felony drug offenses and of being a felon in possession of a firearm.  (PSR, DE # 40, at 6-10.)  He committed the instant offenses shortly after his release from federal prison and while serving his term of supervised release.  (See id. ¶ 32.)  The offenses involved the trafficking of multiple drugs, defendant's possession of a stolen firearm in connection with his drug trafficking activities, and defendant's attempt to obstruct justice.  (Id. ¶ 14.)  At sentencing two years ago, the court found defendant was a career offender and sentenced him near the top of the 188-235 month sentencing guideline range.  (See id. ¶¶ 73, 78.)  "The court imposed a sentence at the high-end of the range because of [] defendant's lengthy criminal history, which includes multiple felony drug convictions, repeated noncompliance with supervision and incarceration and involvement in the instant offense[s] while under a criminal justice sentence."  (Stmt. Reasons, DE # 44, at 4.)

As far as defendant's guideline range is concerned, it is unlikely defendant would be found to be a career offender if he were sentenced today.  See United States v. Norman, 935 F.3d 232, 239 (4th Cir. 2019) (holding conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 846 is not a controlled substance offense under the career offender guideline).  If that were the case, his applicable guideline range would be 121 to 151 months.  Even based on this range, defendant has not served half his sentence of imprisonment.

Defendant requests that the court reduce his sentence by nearly 16 years (i.e., time served), or, alternatively, by more than six years (i.e., a term within the "present" guideline range).  (Reply, DE # 91, at 3.)  Considering all the circumstances, reducing defendant's

5

sentence of imprisonment at this time would not protect the public, deter crime, or provide just punishment.

For the foregoing reasons, defendant's motion for compassionate release is DENIED.

This 17 August 2020.

_____
W. Earl Britt
Senior U.S. District Judge