IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-84-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARIUS J. WILLIAMS | ) | |

This matter is before the court on defendant's second motion for compassionate release and motion to appoint counsel. (DE ## 94, 96.)

In 2017, defendant pled guilty to conspiracy to distribute and possess with intent to distribute heroin, cocaine base, and marijuana and possession of a firearm by a felon. The court sentenced him to 225 months imprisonment on the drug offense and 120 months on the firearm offense, to run concurrently.

In June 2020, defendant filed *pro se* his initial motion for compassionate release, and the court appointed counsel to represent him for purposes of the motion. In August 2020, the court denied that motion, concluding that "reducing defendant's sentence of imprisonment at this time would not protect the public, deter crime, or provide just punishment." (8/17/20 Order, DE # 92, at 5-6.) Defendant did not appeal that order. Appointed counsel filed a motion to withdraw, (DE # 93), which the court allowed, (11/5/20 Text Order).

As he did initially, defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 ("First Step Act") and seeks the appointment of counsel in pursuing that relief.[1] Defendant requests that the court reduce his sentence based on two sentencing

---

[1] The court notes prior to filing the instant motions, defendant requested that the Warden file on his behalf a motion for a sentence reduction. (Mot., Ex. A, DE # 94-1.) The Warden denied that request. (Mot., Ex. B., DE # 94-2, at 25-26.) Therefore, defendant has satisfied § 3582(c)(1)(A)(i)'s exhaustion requirement.

disparities. First, he claims that in light of the decision in United States v. Norman, 935 F.3d 232 (4th Cir. 2019), if he were sentenced today, he would no longer be deemed a career offender. (See Mem., DE # 95, at 3.) As a result, he contends, his guideline imprisonment range would be 121 to 151 months. (Id.) Second, he claims that today he would no longer be held liable for the conduct underlying his felon-in-possession conviction based on the decision in United States v. Gary, 954 F.3d 194 (4th Cir. 2020).

As the court previously recognized, § 3582(c)(1)(A)(i), as amended by the First Step Act, permits a court to reduce a defendant's term of imprisonment if the court finds extraordinary and compelling reasons warrant such a reduction. (8/17/20 Order, DE # 92, at 2.) When a defendant files a motion pursuant to this provision, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis added) (citation omitted). "Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. (8/17/20 Order, DE # 92, at 3 (citing 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020)).

Here, in conjunction with defendant's initial motion for compassionate release and considering the § 3553(a) factors, the court acknowledged "it is unlikely defendant would be found to be a career offender if he were sentenced today." (8/17/20 Order, DE # 92, at 5 (citing Norman, 935 F.3d at 239).) However, the court noted that defendant has not even served one half of the sentence based on the guideline range of 121 to 151 months imprisonment *without* the career offender enhancement. (Id.) The court emphasized defendant's lengthy criminal history, which includes 13 prior felony convictions, and the nature and circumstances of the instant offenses and declined to reduce defendant's sentence to a term of imprisonment within the non-

2

career offender range. (See id. at 5-6.) The court sees no reason to vary from this conclusion now.

As for any sentencing disparity based on Gary, the court concludes that it is not an extraordinary and compelling reason to support a sentence reduction in this case. In that case, on direct appeal and relying on Rehaif v. United States, 139 S. Ct. 2191 (2019), the Fourth Circuit Court of Appeals vacated the defendant's guilty plea to felon in possession of a firearm. 954 F.3d at 198. The court held the district court's error in failing to inform the defendant of an essential element of the offense—knowledge of his prohibited status at the time he possessed the firearm—was structural, meaning it *per se* affected the defendant's substantial rights. Id. at 200-01.

This matter is in a very different procedural posture from Gary. The time for defendant to directly appeal his felon-in-possession conviction long ago expired. Furthermore, the matter is not before the court on a habeas corpus motion collaterally challenging that conviction.[2] Rather, defendant is asking the court to consider the Rehaif error as an extraordinary and compelling reason to justify reducing his sentence under § 3582(c)(1)(A)(i). Although such an error may have occurred at the time of defendant's plea, the court feels confident, at least for purposes of the instant motion, that defendant knew of his felony status based on the offense conduct and his prior felony convictions, including a federal one for felon in possession of a firearm, detailed in his presentence report. (See DE # ¶¶ 12-14, 20-23, 30, 32.)

Because the court concludes extraordinary and compelling reasons do not warrant any sentence reduction and the § 3353(a) factors do not weigh in favor of such a reduction,

---

[2] Defendant has filed one habeas corpus motion, which did not raise a challenge based on Rehaif or Gary. (See DE # 68.) On the government's motion, the court dismissed it. (5/12/20 Order, DE # 80.)

3

defendant's motion for compassionate release is DENIED. Defendant's motion for appointment of counsel is DENIED as moot.

This 4 February 2021.

_____
W. Earl Britt
Senior U.S. District Judge

4

Case 7:17-cr-00084-BR   Document 100   Filed 02/04/21   Page 4 of 4