IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-84-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARIUS J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

On January 12, 2026, Darius J. Williams ("Williams" or "defendant"), proceeding pro se, filed a motion for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 132]. On February 25, 2026, the United States responded in opposition [D.E. 134]. On March 20, 2026, Williams replied [D.E. 135]. On April 9, 2026, Williams filed a memorandum in support of his motion [D.E. 136]. As explained below, the court denies Williams's motion for compassionate release.

I.

On September 27, 2017, with a written plea agreement, Williams pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a mixture and substance containing a detectable amount of cocaine base, and a quantity of marijuana (count one), and possession of a firearm by a felon (count two). See [D.E. 31, 32, 34, 79]. On February 1, 2018, the court held Williams's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 40]; [D.E. 42]; [D.E. 44] 1. The court calculated Williams's total offense level to be 31, his criminal history category to be

VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See PSR ¶ 78; [D.E. 44] 1. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 225 months' imprisonment on count one and 120 months' imprisonment on count two to be served concurrently. See [D.E. 42]; [D.E. 43] 3. Williams did not appeal.

On November 19, 2018, Williams moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 49]. On June 25, 2019, Williams filed an amended section 2255 motion. See [D.E. 68]. On May 12, 2020, the court granted the United States's motion to dismiss Williams's amended section 2255 motion, dismissed the amended section 2255 motion, and denied a certificate of appealability. See [D.E. 80, 81].

On June 19, 2020, Williams, proceeding pro se, moved for compassionate release and for appointment of counsel. See [D.E. 83]. On June 22, 2020, the court appointed counsel under standing order 19-SO-3. On June 30, 2020, Williams's counsel filed a memorandum in support of his motion for compassionate release. See [D.E. 85]. On August 17, 2020, the court denied Williams's motion for compassionate release. See [D.E. 92].

On November 3, 2020, Williams, proceeding pro se, moved again for compassionate release. See [D.E. 94]. On February 4, 2021, the court denied Williams's motion for compassionate release. See [D.E. 100]. On February 22, 2021, Williams appealed. See [D.E. 101]. On July 23, 2021, the United States Court of Appeals for the Fourth Circuit affirmed. See [D.E. 103, 104, 105, 106].

On December 27, 2021, Williams moved for a sentence reduction. See [D.E. 107]. On February 11, 2022, Williams moved for compassionate release. See [D.E. 108]. On June 2, 2022, the case was reassigned to the undersigned. See [D.E. 109]. On October 11, 2022, the court

2

denied both motions. See [D.E. 115].

On December 16, 2022, Williams moved for reconsideration of the court's order denying the motions. See [D.E. 116]. On May 2, 2023, the court denied Williams's motion for reconsideration. See [D.E. 117].

On July 14, 2023, Williams moved for leave to file an untimely motion for reconsideration under Federal Rule of Civil Procedure 60(b) and filed the untimely motion for reconsideration on the court's docket. See [D.E. 118, 119]. On January 29, 2024, the court dismissed both motions. See [D.E. 128].

On January 12, 2026, Williams filed a motion for compassionate release. See [D.E. 132]. On February 25, 2026, the United States responded in opposition. See [D.E. 134]. On March 20, 2026, Williams replied. See [D.E. 135]. On April 9, 2026, Williams filed a memorandum in support of his motion. See [D.E. 136].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Case 7:17-cr-00084-D    Document 137    Filed 04/10/26    Page 3 of 10

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a

4

defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Williams seeks compassionate release under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist because of his various health issues, his family circumstances, and United States v. Norman, 935 F.3d 232, 237–39 (4th Cir. 2019), which held that a conspiracy conviction under 18 U.S.C. § 846 is not a controlled substance offense. See [D.E. 132] 1–2. Williams also cites his rehabilitation efforts, community support, and release plan. See id. at 2.

Williams contends that he "has exhausted administrative remedies as of June 20, 2025." Id. The court assumes without deciding that Williams has exhausted administrative remedies.

Thus, the court addresses Williams's motion on the merits.

As for the "medical circumstances of the defendant" policy statement, the policy statement requires, in relevant part, that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Williams cites his high blood pressure and glaucoma. See [D.E. 132] 1. Williams does not allege that his condition is terminal. Cf. U.S.S.G. § 1B1.13(b)(1)(A). Williams provides no evidence that his health "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Williams fails to demonstrate that his condition inhibits his ability to provide self-care in his correctional facility. See, e.g., United States v. Barnhart, 704 F. Supp. 3d 679, 682–85 (W.D. Va. 2023); United States v. Madison, No. CR JKB-21-37, 2023 WL 4052237, at *1 (D. Md. June 16, 2023) (unpublished), appeal dismissed, No. 23-6681, 2023 WL 9132369 (4th Cir. Sept. 13, 2023); United States v. Smith, No. 3:15-CR-101, 2021 WL 3641463, at *2 (E.D. Va. Aug. 17, 2021) (unpublished). Thus, reducing Williams's sentence would not comport with U.S.S.G. § 1B1.13(b)(1)(B).

As for the "family circumstances" policy statement, section 1B1.13(b)(3)(C) lists in relevant part the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C). Section 1B1.13(b)(3)(D) also includes a sibling with "circumstances similar to those listed in paragraphs (3)(A) through (3)(C)" as an extraordinary and compelling reason for compassionate release Id. § 1B1.13(b)(3)(D). Williams states that he

"is the only viable family member capable of assisting in the care of his sister and mother, both of whom face significant and debilitating health challenges." [D.E. 132] 1. Williams also states that his sister has congestive heart failure, kidney failure, complications from diabetes, and morbid obesity, and his mother is diabetic and underwent spinal fusion surgery. See id. Williams cites no evidence to substantiate his statements.

Williams fails to show that his mother and sister are "incapacitated" under the policy statement. U.S.S.G. § 1B1.13(b)(3)(C)–(D); see United States v. Rosario-Cruzado, No. 24-6365, 2025 WL 1540932, at *2–3 (4th Cir. May 30, 2025) (unpublished); United States v. Blevins, No. 1:15CR3, 2026 WL 497306, at *1–2 (W.D. Va. Feb. 23, 2026) (unpublished); United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344RSL, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (unpublished); United States v. Harris, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); United States v. Locklear, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); United States v. Greene, No. 1:17-CR-12, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (unpublished). Alternatively, Williams has failed to show that he is presently "the only available caregiver" for his sister or mother. U.S.S.G. § 1B1.13(b)(3)(C). Although Williams's mother's and sister's alleged medical conditions are unfortunate, Williams is not "the only available caregiver" for his mother and sister. Id.; see Blevins, 2026 WL 497306, at *2; Clack, 2024 WL 4954305, at *5; United States v. Graff, No. 1:17CR20-013, 2024 WL 3912947, at *2 (W.D. Va. Aug. 23, 2024) (unpublished); United

7

States v. Taylor, No. CR 06-699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024); Delavan, 2024 WL 2958956, at *4; United States v. Milchin, No. 17-284-1, 2023 WL 7544995, at *1 (E.D. Pa. Nov. 13, 2023) (unpublished); United States v. Conrad, No. 20-22, 2023 WL 7301225, at *2 (D. Mont. Nov. 6, 2023) (unpublished); cf. [D.E. 135] 1–2; [D.E. 136] 1–2. Thus, reducing Williams's sentence would not comport with U.S.S.G. § 1B1.13(b)(3)(C)–(D).

As for Williams's Norman argument, the "unusually long sentence" policy statement instructs that if a defendant received an unusually long sentence and has served a term of at least 10 years' imprisonment, an intervening change in the law may be considered as an extraordinary and compelling reason only "after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). Williams has not yet served at least 10 years' imprisonment. See [D.E. 132-2] 1. Thus, releasing Williams due to the length of his sentence would not comport with U.S.S.G. § 1B1.13(b)(6). See United States v. Crawley, 140 F.4th 165, 172–73 (4th Cir. 2025).

As for the "other reasons" policy statement, the court assumes without deciding that Williams's health issues, Williams's family members' health issues, the amount of time remaining on Williams's sentence, and Williams's post-sentencing conduct are together extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however, counsel against reducing Williams's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Williams is 46 years old and committed serious crimes. Williams is incarcerated for conspiracy to distribute and possession with intent to distribute heroin, cocaine base, and marijuana and possession of a firearm by a felon. See PSR ¶¶ 4–5, 7, 10–14. During 2017, Williams engaged in prolonged, serious drug dealing while on federal supervision with Jermaine Dale Rogers,

another federal supervisee with whom Williams lived. See id. ¶ 10. From a halfway house, Williams sold heroin to a confidential informant. See id. ¶¶ 10–11. The confidential source later purchased another nine grams of heroin from Williams. See id. ¶ 11. After Williams's arrest, Williams obstructed justice by instructing others to remove 91.8 grams of MDMA, 33.68 grams of cocaine, 62.78 grams of marijuana, and a loaded .380-caliber pistol from Williams's mother's house before investigators could recover that evidence. See id. ¶¶ 13–14.

Williams's abhorrent criminal behavior was nothing new. Williams committed his latest drug trafficking crime while on federal supervision, less than one year after his release from federal prison for a drug trafficking crime. See PSR ¶¶ 10–14, 32. Before his federal convictions, Williams received felony convictions for selling cocaine, conspiracy to sell or deliver a schedule II controlled substance. Williams also received misdemeanor convictions for driving while license revoked, secreting lien property, and reckless driving to endanger. See id. ¶¶ 24–33. While incarcerated, Williams has received numerous infractions, including using narcotics, stealing, and assaulting without serious injury. See [D.E. 134-2] 1–3.

Williams has taken some positive while incarcerated. Williams has completed numerous educational courses, non-residential drug abuse programming, and vocational training. See [D.E. 132] 2; [D.E. 132-1] 1–4; [D.E. 123-3] 1. Williams also has participated in vocational training and has been certified as a forklift operator. See [D.E. 136] 1.

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered Williams's serious criminal conduct, his appalling criminal history, and the need to punish Williams for his criminal behavior, to incapacitate Williams, to promote respect for the law, to deter others, and to protect society. The court also has considered Williams's arguments about his rehabilitation, release plan, community support, and sentencing

9

disparities. See [D.E. 132] 2–3; [D.E. 135] 2–4; [D.E. 136] 1–2. Having considered the entire record, the court denies Williams's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–502 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24 Moody, 115 F.4th at 314–16; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–53 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir. Dec. 20, 2022) (per curiam) (unpublished); United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 132].

SO ORDERED. This 10 day of April, 2026.

JAMES C. DEVER III
United States District Judge